J-S48006-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TYRONE BLAKE | : | |
| | : | |
| Appellant | : | No. 1163 EDA 2018 |

Appeal from the PCRA Order March 20, 2018
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0007601-2010

BEFORE:  DUBOW, J., MURRAY, J., and PLATT, J.*

MEMORANDUM BY DUBOW, J.:                    **FILED SEPTEMBER 21, 2018**

Appellant, Tyrone Blake, appeals from the March 20, 2018 Order, entered in the Delaware County Court of Common Pleas, dismissing as untimely his Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

On May 6, 2011, Appellant entered a negotiated guilty plea to First-Degree Murder[1] arising from the December 11, 2010 stabbing and asphyxiation of his girlfriend in the city of Chester.  On May 6, 2011, the court imposed the negotiated sentence of life imprisonment without the possibility of parole.  Appellant did not file a Post-Sentence Motion or a direct appeal

_____

[1] **See** 18 Pa.C.S. § 2502(a).

_____

*  Retired Senior Judge assigned to the Superior Court.

from his Judgment of Sentence. Thus, his sentence became final on June 7, 2011.[2]

On July 28, 2017, Appellant filed a *pro se* first PCRA Petition in which he alleged that his plea was not knowing, intelligent, or voluntary. PCRA Petition, 7/28/17, at 1-2. He attempted to invoke the "new-facts" exception to the PCRA's time-bar[3] by alleging that on May 27, 2017, his niece, Lamia Peirce, discovered that the victim had an extensive criminal record.[4] ***Id.*** at 2. Appellant averred in his Petition that the newly discovered "fact" of the victim's extensive criminal record proved that he was acting in self-defense, and that his plea counsel was ineffective for not advising him that he had a self-defense claim. ***Id.*** at 3.

He further alleged that on July 20, 2017, he discovered his own mental health records that "proved that he was mentally ill and taking [p]sychotropic [m]edication at the time [of the incident]." ***Id.*** at 2. He also averred that, at the time of his guilty plea hearing, he had not been given his psychiatric medication and "was delusional and suffering a mental health break down."

---

[2] ***See*** 42 Pa.C.S. § 9545(b)(3) ("[A] judgment becomes final at the conclusion of direct review . . . or at the expiration of time for seeking the review.").

[3] ***See*** 42 Pa.C.S. § 9545(b)(1)(ii).

[4] Relatedly, Appellant also alleged that his plea counsel was ineffective for failing to present to him the possibility of invoking a self-defense claim, which the victim's criminal record would have proved. ***Id.*** at 3.

*Id.* He concluded that these facts rendered his First-Degree Murder plea involuntary and his counsel ineffective. *Id.* at 2-4.

On August 1, 2017, the PCRA court appointed counsel. On December 19, 2017, PCRA counsel filed a Petition to Withdraw as Counsel along with a "no-merit" letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), and their progeny.

On February 26, 2018, before ruling on counsel's Petition to Withdraw, the PCRA court issued its Notice of Intent to Dismiss Appellant's PCRA Petition without a hearing pursuant to Pa.R.Crim.P. 907, noting that Appellant's Petition was untimely filed and that he had failed to satisfy any exception to the PCRA's time bar. *See* Rule 907 Notice, 2/26/18, at 8. In particular, the court found that Appellant's attempt to invoke the "new-facts" exception to the time bar was unavailing. It explained that Appellant had acknowledged in writing at the time he entered his guilty plea that he was taking medication for depression. *See id.* at 5 (citing Appellant's Guilty Plea Statement, 5/6/11, at 2). It also noted that Appellant failed to establish why he could not have obtained his own medical records in a timely manner with the exercise of due diligence. *Id.* at 6. With respect to Appellant's allegation that his recent discovery of the victim's criminal record is a "new fact," the PCRA court explained first that the victim's criminal record is a matter of public record and

- 3 -

second that Appellant likewise failed to demonstrate why he could not have obtained this information earlier with the exercise of due diligence.[5]  *Id.* at 7.

On February 28, 2018, the court entered an Order permitting counsel to withdraw.  On March 20, 2018, the PCRA court dismissed Appellant's PCRA Petition without a hearing.[6]

This timely appeal followed.  Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises the following issue on appeal:

Did the PCRA court err in finding the criminal record of [the victim] untimely filed, and that Appellant somehow had access to the records although he did not know of the record[']s existence; and his guilty plea was not knowingly, intelligently[,] or voluntarily entered because he was never advised of self[-]defense during the colloquy, and the Commonwealth suppressed [the victim's] criminal record, probation[,] and parole status.  A remand for a hearing is required to develop the claims that were timely filed.

Appellant's Brief at v.

Before addressing the merits of Appellant's claim, we must first determine whether we have jurisdiction to entertain the underlying PCRA

---

[5] Our Supreme Court has consistently determined that matters of public record are not unknown.  **See**, **e.g.**, **Commonwealth v. Taylor**, 67 A.3d 1245, 1248-49 (Pa. 2013).  **See also Commonwealth v. Shiloh**, 170 A.3d 553, 559 (Pa. Super. 2017) (reiterating that the requirement that a petitioner must exercise due diligence extends to incarcerated *pro se* petitioners).

[6] Although neither the lower court docket nor the Certified Record contain any Response filed by Appellant to the Rule 907 Notice, the PCRA court noted in this Order that it had reviewed Appellant's "*pro se* Response to the Notice of Intent to Dismiss submitted to [c]hambers on March 16 ,2018[.]"  PCRA Ct. Order, 3/20/18, at 1.

- 4 -

Petition. *See Commonwealth v. Hackett*, 956 A.2d 978, 983 (Pa. 2008) (explaining that the timeliness of a PCRA petition is a jurisdictional requisite).

Under the PCRA, any PCRA petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010). Appellant's Petition, filed on July 28, 2017, is facially untimely.

The exception to the PCRA's time bar invoked by Appellant here requires a petitioner to plead and prove that "1) the facts upon which the claim was predicated were unknown [at the time of trial;] and 2) could not have been ascertained by the exercise of due diligence [prior to trial]*.*" *Commonwealth v. Bennett*, 930 A.2d 1264, 1272 (Pa. 2007) (emphasis omitted).

"Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced." *Commonwealth v. Williams*, 35 A.3d 44, 53 (Pa. Super. 2011) (citations omitted).

In the instant case, Appellant concedes that his Petition was untimely. Appellant's Brief at 3. However, he argues that he overcame the PCRA's time-bar by filing "within 60 days of [discovering the facts] all that was [*sic*]

- 5 -

required to give the [c]ourt [j]urisdiction." ***Id.*** He baldly claims for the first time in his Brief that he was not able to discover the instant facts earlier because "the [h]ospital and the [p]rison will not turn[] over any records without a [c]ourt [o]rder" and he had "no idea" the victim's criminal records existed. ***Id.*** at 5. He claims that his plea counsel was ineffective because counsel failed to advise Appellant to proffer a self-defense claim, which the newly discovered fact of the victim's criminal record would have proven. ***Id.*** at 3-4. Appellant also claims that counsel was ineffective in assisting him in entering a guilty plea because his own newly discovered mental health records prove that he was incompetent to do so. ***Id.*** at 5.

With respect to Appellant's claim that he just recently became aware that he was taking psychotropic medications, and that, therefore, his plea was not knowing, intelligent, or voluntary, the PCRA court opined as follows:

> Appellant cannot overcome the hurdle of proving that he was unaware of medications he was taking at the time of the plea nor has he plead[ed] or proven that he could not have discovered the names of the medications sooner than five years after the negotiated plea was entered into. The record belies Appellant's argument that the fact that he was on medications is newly discovered. When Appellant entered the negotiated guilty plea he signed the four-page guilty plea statement and noted, in a handwritten notation, on that document that he was taking medication for depression. Furthermore, Appellant's allegation that the medication interfered with [his] ability to enter into the negotiated guilty plea is belied by the record. . . There was an extensive guilty plea colloquy on May 6, 2011, that illustrates that [Appellant], [p]lea [c]ounsel, and the [c]ourt engaged in a thorough and extensive colloquy wherein Appellant was fully advised of the nature of his negotiated guilty plea. [Appellant denied having any physical, emotional, or mental problems affecting his ability to understand the proceedings and denied

being under the influence of any kind of intoxicant, drugs, or alcohol, which would affect his ability to understand the proceedings.]

PCRA Ct. Op., 5/3/18, at 8-9 (citations omitted).

Following our review, we agree with the PCRA court that Appellant has failed to establish the applicability of the "new facts" exception of the PCRA's time bar. Appellant has not proved that he could not have obtained his own medical records in a timely manner with the exercise of due diligence. Instead, Appellant baldly claims that hospital and prison officials would not provide him with his medical records, without demonstrating what efforts he made to access those records. He has similarly failed to establish that he did not know at the time he entered his guilty plea that he was on medication. In fact, Appellant acknowledged as much in writing on his Guilty Plea Statement. Thus, this is not a "new fact."

We likewise agree with the PCRA court that Appellant failed to plead and prove his bald assertion that the victim's criminal record is a "new fact." Appellant has made no attempt to explain what efforts he undertook to ascertain this information prior to his alleged recent discovery. Thus, Appellant has failed to demonstrate that this information was unknown to him and not ascertainable by the exercise of due diligence. *See Shiloh*, 170 A.3d at 559 (explaining that even though the "presumption that information which is of public record cannot be deemed [to be] 'unknown' for purposes of [the PCRA] does not apply to *pro se* prisoners[,] . . . a *pro se* incarcerated PCRA petitioner is still required to prove that the facts upon which [his] claim of a

timeliness exception under [the PCRA] is based were unknown to [him] and not ascertainable by the exercise of due diligence." (emphasis omitted)).

Last, to the extent that Appellant argues that his plea counsel was ineffective by unlawfully inducing Appellant to plead guilty and by failing to advise Appellant of his right to a self-defense claim because the victim "was a criminal," this claim similarly fails as Appellant has not demonstrated that his underlying claim has arguable merit. *See Commonwealth v. Fears*, 86 A.3d 795, 804 (Pa. 2014) (explaining that a petitioner's failure to prove any prong of the three-prong test for ineffectiveness of counsel defeats his ineffectiveness claim).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/21/18